UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EILEEN BELL,**
    **Plaintiff,**

Case No.: _____

**vs.**

**LIFE INSURANCE COMPANY OF**
**NORTH AMERICA,**
    **Defendant.**
_____/

## **COMPLAINT**

The Plaintiff, Eileen Bell, by and through her undersigned attorney, sues the Defendant,

Life Insurance Company of North America (hereinafter Cigna), and states:

1.      This is an action for legal and/or equitable relief under the Employee Retirement

Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq.

2.      This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3.      Cigna is an insurance company licensed to transact business in Florida, which is

or was prior to November 26, 2019 engaged in business in the Tampa District and provided

insurance to Baycare Health Systems, Inc.

4.      Plaintiff, Eileen Bell, is an employee and/or former employee of Baycare Health

Systems Inc., a Pinellas County, Florida employer. Plaintiff, Eileen Bell, is and/or was eligible to

participate in each of the plans, funds, programs, or arrangements described herein which were

available to her  by virtue of her employment with Baycare Health Systems Inc. (hereinafter

"Employer").

5.      At all  times, Plaintiff, Eileen Bell, was a participant in an employee benefit plan,

which was and is the claims administrator by appointment ("the Plan" – a copy of the Summary

Plan Description for the Long Term Disability Policy number FLK-980022, is attached hereto and incorporated herein as Exhibit "A" (hereinafter the "Plan").

6. The Plan is subject to the provisions of ERISA.

7. The Plan may be funded partially by employee contributions to the employee benefit plan.

8. Cigna is the Claims Administrator of the Plan and/or is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim through the appeal process for injuries to her, to include migraine headaches (643.719), fibromyalgia, and nephrolithiasis. The last condition, because it involves the kidneys, limits the type of medication that can be used to control the headaches according to her board certified neurologist Michael Franklin, M.D..

9. Plaintiff, Eileen Bell, submitted a claim for long term disability benefits under the Plan and Cigna determined that she was totally disabled and did pay benefits through November 25, 2021, a period of two years.

10. The Plan failed and refused to pay benefits from November 26, 2021 through the date of the filing of this action.

11. Dr. Michael Franklin, a treating physician of the Plaintiff, told the Defendant's adjuster that Eileen Bell could not work because of pain, and her migraines are chronic.

12. With respect to all claims made herein, Plaintiff, Eileen Bell, has exhausted all of her administrative remedies and/or such exhaustion of remedies is excused.

13. Plaintiff, Eileen Bell, is entitled to certain benefits under the Plan consisting of benefits for long term disability from November 26, 2021 through the date of the filing of this action..

14. Plaintiff, Eileen Bell, is entitled to the Plan benefits identified herein because:

a. The benefits are permitted under The Plan.

b. Plaintiff satisfied all conditions precedent to be eligible to receive the benefits.

c. Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

d. Plaintiff is unable to earn her lost wages.

e. Each disabling condition began while covered under the Plan.

f. Plaintiff, Eileen Bell, is not reasonably fitted by education, training, or experience to perform her job even though she remains under the regular care of a doctor(s) for her covered conditions.

15. Defendant, Cigna, on behalf of the Plan, refused to pay the benefits sought by Plaintiff and as grounds for such refusal has alleged that Plaintiff does not satisfy the definition of any occupation disability as stated in the Long Term Disability Plan.

16. Each benefit payment due since November 26, 2021 is a liquidated sum of $1,727.00 per month, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

17. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), Plaintiff, Eileen Bell, is entitled to an award of reasonable attorney fees and costs incurred in this action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to pay a reasonable attorney fee as compensation to them for their services.

WHEREFORE, Plaintiff, Eileen Bell, asks this Court to enter judgment against Defendant, Life Insurance Company of North America, finding that:

a.  Plaintiff is entitled to long term disability benefits from November 26, 2021 through the date of the entry of a Final Judgement in this action;

b.  Award long term disability benefits in the amount of $1,727.00 per month net of Social Security Disability not paid to the Plaintiff from November 26, 2023 through the date of the entry of a Final Judgement; and

c.  Award reasonable attorney fees and costs incurred in this action; and

d.  For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,
LAW OFFICE OF DONALD C.
ANDERSON, JR.


*/s/ Donald C. Anderson*
Donald C. Anderson, Jr., Esquire
Florida Bar # 167380
DCA@thedisabilityfirm.com
Laurel A. Marois, Esquire
Florida Bar # 1010770
laurel@thedisabilityfirm.com
2101 5th Avenue North
St. Petersburg, FL 33713
P: 727-323-8886 | F: 727-323-3252

cc: Eileen Bell (w/ exhibits)